**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GENO THOMAS<br>8625 Thouron Avenue<br>Philadelphia, PA 19150,<br>*Plaintiff,*<br>v.<br><br>POLICE OFFICER CHARLES MARABLE<br>BADGE NUMBER 2013<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br>POLICE OFFICER DWAYNE MERRELL<br>BADGE NUMBER 7078<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br>SYLVESTER JOHNSON<br>POLICE COMMISSIONER OF<br>THE CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, Pennsylvania 19102<br>and<br>THE CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102,<br>*Defendants.* | : | JURY TRIAL DEMANDED<br><br>**CIVIL ACTION NO. 07-0516** |

**COMPLAINT**

**INTRODUCTORY STATEMENT**

1. This is an action for compensatory and punitive damages sustained by a citizen of the United States against police officers of the Philadelphia Police Department who unlawfully committed assault and battery upon him, falsely detained him, and subjected him to cruel and

unusual punishment; a vicious attack that left him physically and emotionally battered, against the Police Commissioner as the supervisory officer responsible for the conduct of the police officers named defendants herein, and for his failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the City of Philadelphia as the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3) and (4) and the aforementioned statutory and Constitutional provisions. Plaintiff, GENO THOMAS further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law as they arise out of a common nucleus of operative facts. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. Plaintiff, GENO THOMAS is an adult individual who resides at 8625 Thouron Avenue, Philadelphia County, Commonwealth of Pennsylvania.

4. Defendant, POLICE OFFICER CHARLES MARABLE, Badge Number 2013, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. Upon information and belief, at all times relevant hereto, he was an officer with Highway Patrol, Philadelphia Police Department. Defendant,

POLICE OFFICER CHARGLES MARABLE is being sued in both his individual and official capacity.

5. Defendant, POLICE OFFICER DWAYNE MERRELL, Badge Number 7078, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. Upon information and belief, at all times relevant hereto, he was an officer with the Highway Patrol, Philadelphia Police Department. Defendant, POLICE OFFICER DWAYNE MERRELL is being sued in both his individual and official capacity.

6. Defendant, SYLVESTER JOHNSON, POLICE COMMISSIONER OF THE CITY OF PHILADELPHIA, is and was at all times relevant to this Complaint the duly appointed Commissioner of Police of the City of Philadelphia, with an office for acceptance of service located at 1515 Arch Street, 14th Floor, Law Department, Philadelphia, Pennsylvania. As such he was the commanding officer of defendant police officers and was responsible for their training, supervision and conduct. He was also responsible by law for enforcing the regulations of the Philadelphia Police Department and for ensuring that Philadelphia police personnel obey the laws of the Commonwealth of Pennsylvania and of the United States. At all relevant times, he was acting in such capacity as the agent, servant, and employee of defendant, CITY OF PHILADELPHIA. Defendant, POLICE COMMISSIONER SYLVESTER JOHNSON is sued individually and in his official capacity.

7. Defendant, CITY OF PHILADELPHIA is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs the defendant police officers with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

8. At all times relevant hereto, defendants, POLICE OFFICER CHARLES MARABLE,

POLICE OFFICER DWAYNE MERRELL, and POLICE COMMISSIONER SYLVESTER JOHNSON were acting in the course and scope of their employment and under color of state law and authority.

**FACTS**

9. On or about November 5, 2005 at approximately 12:30 a.m., plaintiff, GENO THOMAS was lawfully present on Pulaski Avenue between Rittenhouse and Chelton Streets in Philadelphia, Pennsylvania.

10. On the above referenced date and time, upon information and belief, defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL unlawfully detained and falsely imprisoned plaintiff, GENO THOMAS and then unlawfully and without provocation or any reason therefore, assaulted and battered him.

11. Specifically, on the above referenced date and time, upon information and belief, defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL handcuffed plaintiff, GENO THOMAS, berated him, verbally assaulted and attacked him, repeatedly and viciously punched and struck him, slammed his head into the police vehicle, kneed him in the groin, terrorized, threatened, and otherwise viciously attacked him causing severe, debilitating, and permanent injuries including hereinafter set forth.

12. Additionally, on the above referenced date and time, upon information and belief, defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL searched and ransacked plaintiff, GENO THOMAS' vehicle and took $100.00 United States Currency from his wallet.

13. Immediately after the aforesaid vicious attack, defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL released plaintiff, GENO THOMAS from handcuffs and their custody and allowed him to leave the scene of the aforesaid

vicious attack with no further action on their part.

14. As a result of the aforesaid vicious beating at the hands of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL, plaintiff, GENO THOMAS sustained dizziness; pain all over his body including his head, face, back, and area between his scrotum and rectum; burning and difficulty urinating; blurred vision in both eyes; decreased vision; nose bleeds; headaches; emotional distress; and memory loss, all or some of which may be permanent.

15. After his release from custody, GENO THOMAS was treated at Albert Einstein University Hospital for his serious and debilitating injuries.

16. Within approximately one month of the aforesaid vicious attack, defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL threatened plaintiff, GENO THOMAS in front of his home, advising him that if they saw him again he would be subject to another beating.

17. As a result of the injuries aforesaid, plaintiff, GENO THOMAS has been and probably will in the future be obliged to spend large and various sums of money for medicine and medical attention in endeavoring to treat and cure himself of injuries sustained.

18. As a further result of the aforesaid, plaintiff, GENO THOMAS has suffered and will continue to suffer great mental anguish, physical pain, depression, nervousness, humiliation, personality change and a loss of natural enjoyment of life and life's pleasures.

19. As a further result of the aforesaid, plaintiff, GENO THOMAS has suffered and will continue to suffer fear that the aforesaid individual officers will again attack him.

20. As a further result of the aforesaid, plaintiff, GENO THOMAS has and may in the future be hindered and prevented from attending to his daily duties and occupation, to his great detriment and loss.

21. At no time relevant hereto did plaintiff, GENO THOMAS violate any laws or engage

in any criminal behavior to justify the vicious beating he received at the hands of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL.

22. At no time relevant hereto could or did defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL reasonably believe that their conduct toward plaintiff, GENO THOMAS was lawful, privileged, or otherwise permissible under the laws or Constitutions of the United States and the Commonwealth of Pennsylvania, or that the laws regarding the rights of citizens such as plaintiff was in any way unsettled.

23. The actions and/or inaction of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL toward plaintiff, GENO THOMAS, were committed deliberately, intentionally, maliciously, outrageously, willfully, wantonly, and constitute conduct so egregious as to shock the conscience.

24. Defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL engaged in the aforesaid conduct for the purpose of violating plaintiff, GENO THOMAS' constitutional rights by subjecting him to unlawful detention, excessive force, causing him to be wrongfully and maliciously beaten, terrorized, and falsely imprisoned.

25. Defendant, POLICE COMMISSIONER SYLVESTER JOHNSON knew or should have known of the constitutional deprivations committed by his police officers through the administration of the general policies and practices within the Philadelphia Police Department. Furthermore, the aforesaid defendant neglected and refused to enforce existing law or systematically mal-administered the law.

26. Defendant, POLICE COMMISSIONER SYLVESTER JOHNSON, acting by and through his agents, servants, and/or employees, was in violation of the law for failing to reprimand and/or discharge or otherwise discipline police officers found to have engaged in this activity, failing to warn police officers to this type of conduct, failing to formally promulgate and disseminate and train police officers with appropriate and reasonable guidelines for the use of offensive conduct by

Philadelphia police officers and is directly liable and responsible for the acts of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL.

27. Defendant, CITY OF PHILADELPHIA, knew or should have known of the constitutional deprivations committed by its police officers through the administration of the general policies and practices within the Philadelphia Police Department. Furthermore, defendant, CITY OF PHILADELPHIA neglected and refused to enforce existing law or systematically mal-administered the law.

28. Defendant, CITY OF PHILADELPHIA, acting by and through its agents, servants, and/or employees, was also in violation of the law for failing to reprimand and/or discharge or otherwise discipline police officers found to have engaged in this activity, failing to warn police officers to this type of conduct, failing to formally promulgate and disseminate and train police officers with appropriate and reasonable guidelines for the use of offensive conduct by Philadelphia police officers and is directly liable and responsible for the acts of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL.

29. Defendant, CITY OF PHILADELPHIA is liable for the acts of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL because the CITY OF PHILADELPHIA, as a matter of policy and practice, has with deliberate indifference, tolerated and permitted the pattern of deprivation of constitutional rights by its police officers, failed to maintain a proper system for review, and failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, with the result that police officers from the CITY OF PHILADELPHIA were encouraged to believe that they could violate the rights of persons such as the plaintiff with impunity.

30. The actions and omissions of defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA deprived plaintiff, GENO THOMAS of his

precious rights, privileges and immunities secured unto him by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983; in particular, the right to be free from unreasonable force.

31. Defendant, CITY OF PHILADELPHIA, as a matter of policy and practice, has with deliberate indifference failed to reprimand, sanction or discipline police officers, including defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including the individually named defendants in this action, to engage in unlawful conduct.

32. As a direct and proximate result of the defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA'S unwarranted, illegal and unconstitutional actions, plaintiff, GENO THOMAS was unlawfully handcuffed and falsely imprisoned for approximately one hour.

33. As a direct and proximate result of the defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA'S unwarranted, illegal and unconstitutional actions, plaintiff, GENO THOMAS sustained damages as stated above.

34. The damages suffered by plaintiff, GENO THOMAS were the direct and proximate result of the conduct of defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA, jointly, severally, directly or vicariously.

**COUNT I**

**PLAINTIFF, GENO THOMAS V. DEFENDANTS, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISIONER SYLVESTER JOHNSON, AND CITY OF PHILADELPHIA**
**CIVIL RIGHTS VIOLATIONS**

35. The allegations set forth in paragraphs 1 through 34, inclusive, are incorporated herein as though fully set forth.

36. As a direct and proximate result of the actions and omissions of all defendants, plaintiff, GENO THOMAS was deprived of precious rights, privileges, and immunities secured unto him by the laws and Constitution of the United States.

37. Defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA, together and/or with others, conspired to violate and/or did violate the constitutional rights of plaintiff, GENO THOMAS.

38. The actions of all defendants deprived plaintiff, GENO THOMAS of the equal protection of the laws and their rights, privileges and immunities under the laws and the Constitution of the United States, in particular, the Fourth, Fifth, Eighth and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983; his right to be free from the use of excessive force, to be secure in his person and property, his right to be free from the unlawful detention, to be secure in his person and property, to be free from unlawful seizure of his person, to be free from cruel and unusual punishment and to due process of law, all to plaintiff, GENO THOMAS' great detriment and loss.

39. By these actions, all defendants deprived plaintiff, GENO THOMAS of the rights secured unto him by the Constitution of the United States, in particular, the Fourth, Fifth, Eighth and

Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983.

40. The aforesaid conduct of defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA was committed alone, together, and in conspiracy with one another.

**WHEREFORE**, plaintiff, GENO THOMAS demands judgment against all defendants, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT II

## PLAINTIFF, GENO THOMAS V. DEFENDANTS, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, AND CITY OF PHILADELPHIA

## ASSAULT AND BATTERY

41. The allegations set forth in paragraphs 1 through 40, inclusive, are incorporated herein as though fully set forth.

42. As a direct and proximate result of the actions and omissions of defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA, plaintiff, GENO THOMAS was placed in fear of imminent offensive and unpermitted touching and intrusions upon his person.

43. As a direct and proximate result of the actions and omissions of all defendants, plaintiff, GENO THOMAS suffered offensive and unpermitted touching and intrusions upon his

person.

44. The actions and omissions of all defendants, as alleged in the preceding paragraphs, were done purposefully with the intent of committing assault and battery and/or were done in reckless disregard of the probability of causing plaintiff, GENO THOMAS to suffer an assault and battery and these actions did in fact result in an assault and battery, all to his great detriment and loss.

**WHEREFORE**, plaintiff, GENO THOMAS demands judgment against all defendants, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT III**

**PLAINTIFF, GENO THOMAS V. DEFENDANTS, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, AND CITY OF PHILADELPHIA**
**CONVERSION**

45. The allegations set forth in paragraphs 1 through 44, inclusive, are incorporated herein as through fully set forth.

46. Defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA improperly and without justification stole $100.00 from plaintiff, GENO THOMAS during the aforesaid incident.

47. Defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA did not intend to return such property to plaintiff and intended to convert such

property for their own use by exercising complete dominion over such property.

48. Since his arrest, plaintiff has been denied the right to use and enjoy the property stolen by the above defendants.

49. The acts of the aforesaid defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA as alleged in the preceding paragraphs, constitute conversion, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, GENO THOMAS demands judgment against all defendants, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT IV**

**PLAINTIFF, GENO THOMAS V. DEFENDANTS, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, AND CITY OF PHILADELPHIA NEGLIGENCE AND GROSS NEGLIGENCE**

50. The allegations set forth in paragraphs 1 through 49, inclusive, are incorporated herein as through fully set forth.

51. The actions and omissions of defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISIONER SYLVESTER JOHNSON, and THE CITY OF PHILADELPHIA constitute negligence and gross negligence under the laws of the Commonwealth of Pennsylvania.

52. The conduct of defendant, POLICE COMMISIONER SYLVESTER JOHNSON in failing to properly train, supervise and control the conduct of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL constitutes negligence

under the laws of the Commonwealth of Pennsylvania.

53. Defendant, CITY OF PHILADELPHIA, as the employer of defendants, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, and POLICE COMMISIONER SYLVESTER JOHNSON is liable under the doctrine of respondeat superior for the negligent conduct of the individual defendants.

**WHEREFORE**, plaintiff, GENO THOMAS demands judgment against all defendants, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT V

## PLAINTIFF, GENO THOMAS V. DEFENDANTS, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, AND CITY OF PHILADELPHIA
## FALSE IMPRISONMENT

54. The allegations set forth in paragraphs 1 through 53, inclusive, are incorporated herein as through fully set forth.

55. Defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL, acting as agents and on behalf of defendants, POLICE COMMISSIONER SYLVESTER JOHNSON and THE CITY OF PHILADELPHIA with malice and without probable cause falsely imprisoned plaintiff, GENO THOMAS by not allowing him to leave the location where the incident at issue occurred.

56. As a direct and proximate result of the actions and omissions of the aforesaid

defendants, plaintiff, GENO THOMAS was falsely imprisoned.

57. The actions and omissions of the aforesaid defendants, were done purposefully with the intent of committing false imprisonment and/or were done in reckless disregard of the probability of causing plaintiff to be falsely imprisoned and these actions did in faction result in false imprisonment, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, GENO THOMAS demands judgment against all defendants, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT VI

## PLAINTIFF, GENO THOMAS V. DEFENDANTS, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, AND CITY OF PHILADELPHIA NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. The allegations set forth in paragraphs 1 through 57, inclusive, are incorporated herein as through fully set forth.

59. As a direct and proximate result of the negligence of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL acting as agents and in behalf of defendants, POLICE COMMISSIONER SYLVESTER JOHNSON and THE CITY OF PHILADELPHIA, as described above, plaintiff, GENO THOMAS has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, plaintiff, GENO THOMAS demands judgment against all defendants, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT VII**

**PLAINTIFF, GENO THOMAS V. DEFENDANTS, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, AND CITY OF PHILADELPHIA**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

60. The allegations set forth in paragraphs 1 through 59, inclusive, are incorporated herein as through fully set forth.

61. As a direct and proximate result of the reckless and intentional conduct of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL, acting as agents and in behalf of defendants, POLICE COMMISSIONER SYLVESTER JOHNSON and THE CITY OF PHILADELPHIA as described above, plaintiff, GENO THOMAS has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, plaintiff, GENO THOMAS demands judgment against all defendants, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT VIII**

**PLAINTIFF, GENO THOMAS V. DEFENDANTS, POLICE OFFICER CHARLES MARABLE, POLICE OFFICER DWAYNE MERRELL, POLICE COMMISSIONER SYLVESTER JOHNSON, AND CITY OF PHILADELPHIA**

**PUNITIVE DAMAGES**

62. The allegations set forth in paragraphs 1 through 61, inclusive, are incorporated herein as through fully set forth.

63. The conduct of defendants, POLICE OFFICER CHARLES MARABLE and POLICE OFFICER DWAYNE MERRELL, acting as agents and in behalf of defendants, POLICE COMMISSIONER SYLVESTER JOHNSON and THE CITY OF PHILADELPHIA in this matter was reckless, willful, wanton and outrageous.

64. As a result of said reckless, willful, wanton and outrageous conduct, plaintiff, GENO THOMAS sustained the injuries as outlined above.

**WHEREFORE**, plaintiff, GENO THOMAS demands judgment against all defendants, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**JURY TRIAL DEMAND**

Plaintiff, GENO THOMAS demands a trial by jury as to each count.

**WHEREFORE**, plaintiff, GENO THOMAS requests the following relief, as to each cause, count and defendant:

a) compensatory damages in excess of $150,000.00;
b) punitive damages;
c) reasonable attorneys fees and costs; and
d) such further relief as the Court shall deem just and proper.

**LAW OFFICES OF GUY R. SCIOLLA**

Dated: February 5, 2007

______________________________________

Holly C. Dobrosky, Esquire
Attorney for Plaintiff, GENO THOMAS